CV 15                    5388

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2015 SEP 21    AM 8: 33

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ORION ADULT DAY CARE CENTER, INC.
d/b/a ROYAL PALACE ADULT DAY CARE,

        Plaintiff,

        v.

GOLDEN FLEECE LLC,

        Defendant.

Civ. A. No. 15-cv-

**JURY TRIAL DEMANDED**

**VITALIANO, J.**

**LEVY, M.J.**

## COMPLAINT

Plaintiff Orion Adult Day Care Center, Inc. d/b/a Royal Palace Adult Day Care ("Royal Palace" or "Plaintiff"), for its complaint against Golden Fleece LLC ("Golden Fleece" or "Defendant") alleges as follows:

### Nature of the Action

1.     This is an action for injunctive relief and damages for: (i) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) trademark dilution under New York General Business Law ("GBL") § 360-l; (iv) deceptive acts and practices under GBL § 349; (v) false advertising under GBL § 350; and (vi) common law trademark infringement and unfair competition under the common law of the State of New York.

2.     Plaintiff is the owner of the famous unregistered trademark "Royal Palace" which it has been using continuously in commerce since 2012 to identify its very successful and very-well known in the local community adult day care facility located in Brooklyn, Kings County, New York.

1

3.     After Plaintiff opened its "Royal Palace" facility and gained rapid commercial success, Defendant Golden Fleece sought to capitalize on Plaintiff's success by also opening an adult day care facility just a few miles away from Plaintiff's Royal Palace facility and offering similar services to the same local Brooklyn community under the identical "Royal Palace" trademark owned by Plaintiff.

4.     Defendant used Plaintiff's "Royal Palace" trademark to identify its business without any authority or permission from Plaintiff, and as a result, caused consumers in the local community to mistakenly identify Defendant's business as being affiliated, connected or associated with Plaintiff's business.

5.     Defendant's infringement has harmed the reputation of Plaintiff's business in the local Brooklyn community because Defendant's business offers facilities and services that are inferior in variety and quality to those provided by Plaintiff.

6.     Defendant's infringement also has harmed the profits of Plaintiff's business by improperly taking away customers from Plaintiff as those customers had mistakenly believed that Defendant's business was affiliated, connected or associated with Plaintiff's business.

7.     As a result of Defendant's infringement, Plaintiff comes before this court seeking to enjoin Defendant from infringing its trademark and to recover damages resulting from such infringement.

## The Parties

8.     Plaintiff Royal Palace is a corporation organized and existing under the laws of the State of New York with a principal place of business at 5416-5424 Avenue N, Brooklyn, New York, 11234.

9.     The location of the "Royal Palace" adult day care facility owned by Plaintiff is

2

also located at 5416-5424 Avenue N, Brooklyn, New York, 11234.

10.    Defendant Golden Fleece is a limited liability company organized under the laws of the State of New York with a principal place of business at 1519 Mermaid Avenue, Brooklyn, New York 11224.

11.    The location of Defendant's infringing adult day care facility is located at 1519 Mermaid Avenue, Brooklyn, New York 11224.

## Jurisdiction and Venue

12.    This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and 28 U.S.C. § 1367 (supplemental jurisdiction).

13.    Defendant did and continues to advertise, offer for sale, and sell adult day care services with Plaintiff's "Royal Palace" trademark (in violation of Plaintiff's rights) to customers throughout New York, including those in Brooklyn, New York.

14.    This Court may exercise personal jurisdiction over Defendant based on Defendant's numerous contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district, Defendant's principal place of business in Brooklyn, New York, Defendant's incorporation in the State of New York, and Defendant's regular and intentional conduct of business in Brooklyn, New York.

15.    For the same reasons alleged in paragraph 14 of this Complaint, venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## The "Royal Palace" Trademark at Issue

16.    Plaintiff began using the trademark "Royal Palace" to identify its adult day care center at 5416-5424 Avenue N, Brooklyn, New York, 11234 since January of 2012. (See

3

Exhibits A.

17.    The origin of the name Royal Palace stems from Plaintiff's intent to provide its customers with a community center having an interior design, amenities and services worthy of the association with a royal palace.

18.    Beginning in January, 2012, Plaintiff spent and continues to spend hundreds of thousands of dollars annually on an aggressive and continuous advertisement campaign to promote its adult day care facility using the "Royal Palace" trademark that was directed specifically at families comprising elderly members of a local diverse community.

19.    Such advertisements includes sixteen (16) weekly (two days a week, every three hours, each of these two days) thirty-seconds-long Russian-speaking radio announcements and conspicuous colorful print advertisements placed in several weekly Russian-language newspapers.

20.    As a result of Plaintiff's aggressive advertisement campaign, members of the local Brooklyn community have come to associate the name "Royal Palace" with Plaintiff's adult day care facility in Brooklyn, New York.

### Golden Fleece's Infringement of Plaintiff's "Royal Palace" Trademark

21.    In August, 2015, one of Plaintiff's employees received a phone call from a prospective client who informed the employee that he wanted to become a client at Plaintiff's "other Royal Palace location" at 1519 Mermaid Avenue, Brooklyn, New York.

22.    Plaintiff has only one location at 5416-5424 Avenue N, Brooklyn, New York and has never had a second location at 1519 Mermaid Avenue, or authorized any other party to use its "Royal Palace" trademark in conjunction with any adult day care facility at that location.

23.    Alarmed by this news, Plaintiff then sent two of its employees that same day to

4

inspect the business at 1519 Mermaid Avenue, which is approximately seven (7) miles away from Plaintiff's facility at 5416-5424 Avenue N.

24.     Upon arrival, said Plaintiff's employees discovered to their shock that another business called "Royal Palace" (which has no relationship whatsoever with Plaintiff) was located at 1519 Mermaid Avenue. Said employees used their mobile phones to immediately take several photographic pictures of the storefront of a business located at 1519 Mermaid Avenue.

25.     The written description of the services offered by the facility located at 1519 Mermaid Avenue advertised various services related to an adult day care center. The majority of the advertised services were identical to the services offered by Plaintiff at Plaintiff's location. Photographs of the storefront of Defendant's facility located at 1519 Mermaid Avenue, Brooklyn, NY 11224 are attached as Exhibit B to this Complaint.

26.     Defendant Golden Fleece's name for its business is identical to Plaintiff's name "Royal Palace" and therefore infringes Plaintiff's trademark.

## Golden Fleece's Infringement Has Harmed Plaintiff's Business

27.     Since its opening, Plaintiff Royal Palace has developed a famous reputation for high quality services and facilities for adult day care.  For example, the Royal Palace facility has over 9,000 square feet of space that features an interior design closely resembling the interior design of ballrooms of palaces dating back to Eighteen Century. Plaintiff's facility also features a center stage equipped with a piano for the customers and for the often-invited musicians to perform. Plaintiff's facility, capable of accommodating one hundred twenty (120) customers, comprises a spacious backyard for picnics and outdoors social events, a library that offers an ever-expanding book collection, a movie theater equipped with a premium sound system for thirty (30) viewers, a beauty salon, a gym, a billiard room, a kitchen accommodating an out-

sourced catering service organized by Plaintiff for its customers, a computer room equipped with ten (10) personal desktop computers with unlimited access to the Internet.

28.     Moreover, Royal Palace, while employing more than twenty employees and contracting several independent third-party contractors (e.g., nutritionist, social workers, car service, etc.), offers numerous premium services for its diverse clients such as a transportation fleet comprising several state-of-art motor-coaches for daily door-to-door pick-up / drop-off of clients anywhere in Brooklyn, frequent supervised trips to a public pool, museums and landmarks, state-of-art video surveillance system to ensure the safety of the clients, offering an intensive social calendar that includes educational classes, meeting with distinguished members of the community (*e.g.*, radio personalities), and access to social workers offering assistance with completion of various documents and attending to numerous social needs of the clients.

29.     Royal Palace has become an epitome of a social oasis for elderly members of a diverse local community and having a reputation of a care-giver and a service-provider who truly cares about its clients' well-being.

30.     Defendant Golden Fleece's business, on the other hand, offers dramatically inferior facilities and services. Defendant's facility is much smaller than Plaintiff's facility and offers little more than a building to cloister its clients.

31.     Because Plaintiff is not affiliated in any way with the Defendant, Plaintiff is unable to control the poorer quality of the facility and services provided by Defendant. As a result, Plaintiff has now been (and will continue to be) subjected to harm to its reputation and goodwill since the public may believe – through Defendant's unauthorized use of Plaintiff's "Royal Palace" trademark – that Defendant's facility and services are provided and/or sponsored by Plaintiff. In fact, one member of the public has already mistaken Defendant's facility as

6

being affiliated with the Plaintiff.

32.    In addition, as a result of its outstanding services and facilities, Royal Palace's single facility had been able to enlist hundreds of clients in a short period of time, with a sign-up rate that had been increasing steadily since its opening by about thirty (30) clients per month.

33.    However, beginning in late 2014, Royal Palace's client sign-up rate mysteriously began to fall drastically, by about 7-10 clients a month, without any apparent reason, until it was revealed that Golden Fleece had been stealing Plaintiff's clients by operating a day care facility using Plaintiff's "Royal Palace" trademark and pretending, essentially, to be a branch of Plaintiff's business.

**Golden Fleece Was Aware That Plaintiff Operated**
**An Adult Day Care Facility Named "Royal Palace"**

34.    Because Defendant's business was launched in the same community that Plaintiff's business has been operating since 2012, and in the same local community to which Plaintiff has been directing it extensive advertising campaign, Defendant Golden Fleece knew, or should have known, about Plaintiff's business and Plaintiff's use of the "Royal Palace" trademark.

35.    Golden Fleece's use of Plaintiff's "Royal Palace" trademark was intentional, willful, and without consent.

**COUNT I**
**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)**

36.    Plaintiff repeats and realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

7

38.     Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

39.     By offering its own competing facility and services, not originating with Plaintiff, under Plaintiff's "Royal Palace" trademark without the consent or authorization of Plaintiff, Defendant has caused confusion in the marketplace about the origin of Defendant's facility and services and thereby competed unfairly with Plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a).

40.     As a proximate result of the Defendant's acts, Plaintiff has suffered great detriment to its business, goodwill, reputation and profits.  Plaintiff has been and will continue to be irreparably harmed unless Defendant is enjoined from its unlawful conduct.

41.     Plaintiff has no adequate remedy at law.

42.     Defendant's acts are both willful and malicious.

43.     In light of the foregoing, Plaintiff is entitled to (1) an injunction prohibiting Defendant from using Plaintiff's "Royal Palace" trademark or any trademarks that are confusingly similar; and (2) to recover from Defendant all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its willful infringing acts as alleged above, in any amount not yet known, but believed to be in excess of $50,000 and the costs of this action pursuant to 15 U.S.C. §1117(a).

44.     In light of the foregoing, pursuant to 15 U.S.C. §1117(b), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorneys' fees and costs.

## COUNT II
### Trademark Dilution Under 15 U.S.C. § 1125(c)

45.     Plaintiff repeats and realleges Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

47.     Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

48.     By selling its own inferior competing facility and services under Plaintiff's "Royal Palace" trademark without the consent or authorization of Plaintiff, Defendant has caused dilution by blurring and tarnishment of Plaintiff's trademark in the marketplace, in violation of 15 U.S.C. § 1125(c).

49.     As a proximate result of the Defendant's acts, Plaintiff has suffered great detriment to its business, goodwill, reputation and profits.  Plaintiff has been and will continue to be irreparably harmed unless Defendant is enjoined from its unlawful conduct.

50.     Plaintiff has no adequate remedy at law.

51.     Defendant's acts are both willful and malicious.

52.     In light of the foregoing, Plaintiff is entitled to (1) an injunction prohibiting Defendant from using Plaintiff's "Royal Palace" trademark or any trademarks that are confusingly similar; and (2) to recover from Defendant all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its willful infringing acts as alleged above, in any amount not yet known, but believed to be in excess of $50,000 and the costs of this action pursuant to 15 U.S.C. §1117(a).

53.     In light of the foregoing, pursuant to 15 U.S.C. §1117(b), Plaintiff is further

9

entitled to three times the amount of the above profits or damages, whichever is greater, and its attorneys' fees and costs.

**COUNT III**
**Trademark Dilution Under N.Y. Gen Bus. L. § 360-1**

54.     Plaintiff repeats and realleges Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

56.     Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

57.     Defendant's use of Plaintiff's "Royal Palace" trademark in the marketing, advertising, offering for sale and selling of its infringing facility and services constitutes commercial use in commerce of Plaintiff's "Royal Palace" trademark. Plaintiff has not authorized or licensed this use.

58.     Defendant's use of Plaintiff's "Royal Palace" trademark in the marketing, advertising, offering for sale and selling of their inferior facility and services actually dilutes, or is likely to dilute, the distinctive quality of the "Royal Palace" trademark, and to lessen the capacity of the "Royal Palace" trademark to identify and distinguish Plaintiff's facility and services.

59.     Defendant's unlawful use of Plaintiff's "Royal Palace" trademark causes blurring and tarnishment in the minds of the consumers between Plaintiff and Defendant, thereby lessening the value of the Plaintiff's "Royal Palace" trademark as a unique identifier of Plaintiff's property.

10

60.    By the acts described above, Defendant has intentionally and willfully diluted the distinctive quality of Plaintiff's "Royal Palace" trademark in violation of G.B.L. § 360-l.

61.    Plaintiff is entitled to injunctive relief as its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury.

## COUNT IV
## Deceptive Acts and Practices Under N.Y. Gen Bus. L. § 349

62.    Plaintiff repeats and realleges Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.    Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

64.    Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

65.    Defendant's use of Plaintiff's "Royal Palace" trademark in the marketing, advertising, offering for sale and selling of its infringing facility and services constitutes commercial use in commerce of Plaintiff's "Royal Palace" trademark. Plaintiff has not authorized or licensed this use.

66.    By its use of "Royal Palace" in commerce without the consent or authorization of Plaintiff as described above, Defendant has falsely represented to the public that its facility and services originate from Plaintiff, or are connected, related, endorsed, licensed, authorized and/or sponsored by Plaintiff in violation of N.Y. Gen Bus. L. § 349.

67.    Such misrepresentations are material and have harmed the public in that they have caused the public to mistake Defendant's inferior facility and services with the high quality facility and services provided by Plaintiff.

68.     Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT V
## False Advertising Under N.Y. Gen Bus. L. § 350

69.     Plaintiff repeats and realleges Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

71.     Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

72.     Defendant's use of Plaintiff's "Royal Palace" trademark in the marketing, advertising, offering for sale and selling of its infringing facility and services constitutes commercial use in commerce of Plaintiff's "Royal Palace" trademark. Plaintiff has not authorized or licensed this use.

73.     By its use of "Royal Palace" in commerce without the consent or authorization of Plaintiff as described above, Defendant has falsely represented to the public that its facility and services originate from Plaintiff, or are connected, related, endorsed, licensed, authorized and/or sponsored by Plaintiff in violation of N.Y. Gen Bus. L. § 350.

74.     Such misrepresentations are material and have harmed the public in that they have caused the public to mistake Defendant's inferior facility and services with the high quality facility and services provided by Plaintiff.

75.     Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT VI
## Unfair Competition Under New York Common Law

76.     Plaintiff repeats and realleges Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     Plaintiff owns valid and protectable rights in "Royal Palace" as a trademark, which are superior to any rights Defendant may claim to have.

78.     Through extensive and continuous advertisement and use in commerce, Plaintiff's "Royal Palace" trademark has become a well-known indicator of the origin and quality of Plaintiff's adult day care facility.

79.     Defendant's use of Plaintiff's "Royal Palace" trademark in the marketing, advertising, offering for sale and selling of its infringing facility and services constitutes commercial use in commerce of Plaintiff's "Royal Palace" trademark. Plaintiff has not authorized or licensed this use.

80.     By making unauthorized use in commerce of Plaintiff's "Royal Palace" trademark, Defendant has caused, and will likely cause in the future confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the sponsorship or approval of Defendant's infringing facility and services by Plaintiff.

81.     Defendant's marketing, advertising, offering for sale and selling of its infringing facility and services causes confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high quality reputation, and improperly appropriates to Defendant the

13

valuable goodwill of Plaintiff.

82.     By the acts described above, Defendant has intentionally and willfully infringed Plaintiff's "Royal Palace" trademark in violation of New York common law.

83.     Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A.     That judgment be entered that:

     i.      Defendant has engaged in acts of false designation and unfair competition by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services without Plaintiff's permission in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

     ii.     Defendant has diluted Plaintiff's "Royal Palace" trademark by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services without Plaintiff's permission in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

     iii.    Defendant has diluted Plaintiff's "Royal Palace" trademark by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services without Plaintiff's permission in violation of N.Y. Gen Bus. L. § 360-l;

     iv.     Defendant has engaged in deceptive trade practices by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services without Plaintiff's permission in violation of N.Y. Gen Bus. L. § 349;

     v.      Defendant has engaged in false advertising by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services in violation of N.Y. Gen Bus. L. § 350; and

     vi.     Defendant has engaged in unfair competition by using Plaintiff's "Royal Palace" trademark to identify its inferior business, facility and services in

violation of the common law of the State of New York.

B.      That Defendant, its agents, servants, employees, licensees, sponsors, attorneys, associates, successors, assigns, subsidiary companies, parent companies, related companies, and others controlling, controlled by or affiliated with it and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise, and all persons acting by, through, or in active concert with any of them, be preliminarily and permanently enjoined:

   i.    From using any name or trademark confusingly similar to Plaintiff's "Royal Palace" trademark;

   ii.   From using, orally, in writing or in any media the name, word, "Royal Palace" trademark, or any other name, word or mark that is confusingly similar to the Plaintiff's "Royal Palace" trademark in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any goods, services, or business;

   iii.  From attempting to register as a trade name, business name, state or federal trademark and/or service mark, any name, mark or designation that incorporates Plaintiff's "Royal Palace" trademark or is in any other way confusing similar to Plaintiff's "Royal Palace" trademark;

   iv.   From attempting to oppose the Federal registration of Plaintiff's "Royal Palace" trademark (U.S. Trademark Application Serial No. 86,739,409) by the U.S. Patent and Trademark Office;

   v.    From committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of the Defendant are licensed, authorized by, or in any way associated with Plaintiff;

   vi.   From otherwise infringing Plaintiff's "Royal Palace" trademark;

   vii.  From otherwise unfairly competing with Plaintiff; and

   viii. From otherwise diluting or tarnishing Plaintiff's "Royal Palace" trademark and Plaintiff's business reputation;

C.      That Defendant accounts to Plaintiff for all gains, profits and advantages derived from Defendant's wrongful acts;

15

D.     That Plaintiff recovers from Defendant all of Defendant's profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and New York State law;

E.     That Plaintiff recovers such damages as Plaintiff shall establish in consequence of Defendant's aforesaid acts of trademark infringement, unfair competition, false designation of origin, false advertising, and deceptive trade practices, together with appropriate interest thereon, including three (3) times the amount found as actual damages by the trier of fact to properly compensate Plaintiff for its damages, pursuant to 15 U.S.C. §1117(a), and, pursuant to New York Gen. Bus. Law §349(h), statutory damages of $1000 for each violation, together with appropriate interest thereon;

F.     That Plaintiff be awarded all the costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117, and actual and punitive damages to the full extent available under common law;

G.     That, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. §1116(a), Defendant shall serve upon Plaintiff within thirty (30) days after service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.     That this be declared an exceptional case, pursuant to 15 U.S.C. §1117, because of the willful and deliberate nature of Defendant's acts of trademark infringement, unfair competition, false designation of origin, false endorsement, false advertising, and deceptive acts and practices, and awarding Plaintiff's their reasonable attorneys' fees;

I.     Such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues raised that are triable by jury.

Dated:  New York, New York
       September 21, 2015

Respectfully submitted,

_____
Wing K. Chiu, Esq.

**MESTECHKIN LAW GROUP P.C.**
Oleg A. Mestechkin
Wing K. Chiu (WC5637)
1001 Avenue of Americas, 11th Floor
New York, NY 10018
ph. 212.256.1113
fx. 646.358.4906
om@lawmlg.com

*Attorneys for Plaintiff Orion Adult Day Care
Center, Inc. d/b/a Royal Palace Adult Day Care*

# Exhibit A

IRS DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI OH 45999-0023

Date of this notice: 10-12-2011

Employer Identification Number:
45-3580384

Form: SS-4

Number of this notice: CP 575 A

ORION ADULT DAY CARE CENTER INC
1858 83RD ST UNIT 2A
BROOKLYN, NY 11214

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you
EIN 45-3580384. This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees. Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above. Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN. If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

        Form 1120                          03/15/2012

If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice. If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods.*

We assigned you a tax classification based on information obtained from you or your
representative. It is not a legal determination of your tax classification, and is not
binding on the IRS. If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue). Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election.* See Form 8832 and its instructions for additional information.

IMPORTANT INFORMATION FOR S CORPORATION ELECTION:

If you intend to elect to file your return as a small business corporation, an
election to file a Form 1120-S must be made within certain timeframes and the
corporation must meet certain tests. All of this information is included in the
instructions for Form 2553, *Election by a Small Business Corporation.*

N. Y. S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS                                    ALBANY, NY  12231-0001
                                  FILING   RECEIPT
====================================================================================
ENTITY NAME : ORION ADULT DAY CARE CENTER, INC.

DOCUMENT TYPE : ASSUMED NAME CERTIFICATE
====================================================================================
   FILER:                                          FILED:  11/21/2012
   - - - - - -                                      CASH#:  291474
                                                    FILM#:  20121121035
   DAVID G. COTTON, ESQ.
   15-32 COLLEGE POINT BLVD

   COLLEGE POINT     NY    11356


   PRINCIPAL LOCATION
   - - - - - - - - - - - - - - - - - -

   5416-5424 AVENUE N

   BROOKLYN
   NY    11234




   COMMENT:


   ASSUMED NAME
   - - - - - - - - - - - - -
   ROYAL PALACE ADULT DAY CARE


====================================================================================
SERVICE COMPANY  :      +++  NO SERVICE COMPANY  +++            CODE:
                                                               BOX :


FEES       170.00
- - - -                                            PAYMENTS:  170.00
FILING :    25.00                                  - - - - - - - - -
COUNTY :   100.00                                  CASH    :
COPIES :    20.00                                  CHECK   :  170.00
MISC   :     .00                                   C CARD  :
HANDLE :    25.00

                                                   REFUND  :
                                                   - - - - - -
====================================================================================
                             DO3HD108                    DOS-281  (04/2007)

INSTRUCTIONS FOR SIGNATURE: If corporation, by an officer; if limited partnership, by a general partner; if limited liability company, by a member or manager or by an authorized person or attorney-in-fact for such corporation, limited partnership, or limited liability company. If the certificate is signed by an attorney-in-fact, include the name and title of the person for whom the attorney-in-fact is acting. (Example. John Smith, attorney-in-fact for Robert Johnson, president.)

ALEKSANDR FALIKMAN
Name of Signer

Signature

President
Title of Signer

20121121035

## CERTIFICATE OF ASSUMED NAME
## OF

ORION ADULT DAY CARE CENTER, INC.

*(Insert Entity Name)*

111007000438

Pursuant to §130, General Business Law

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED

NOV 21 2012

Filed by:   DAVID G. COTTON, ESQ.

*(Name)*

15-32 College Point Boulevard

*(Mailing address)*

College Point, New York 11356

*(City, State and Zip code)*

TAX $

BY:

NOTE:  This form was prepared by the New York State Department of State.  You are not required to use this form.  You may draft your own form or use forms available at legal stationery stores.  The Department of State recommends that all documents be prepared under the guidance of an attorney.  The certificate must be submitted with a $25 fee.  The Department of State also collects the following, additional, county clerk fees for each county in which a **corporation** does or transacts business: $100 for each county within New York City (Bronx, Kings, New York, Queens and Richmond) and $25 for each county outside New York City.  All checks over $500 must be certified.

*(For office use only)*

NYS Department of State
Division of Corporations, State Records and Uniform Commercial Code
One Commerce Plaza, 99 Washington Ave,
Albany, NY 12231-0001
www.dos.ny.gov

## Certificate of Assumed Name
Pursuant to General Business Law, §130

1. NAME OF ENTITY

ORION ADULT DAY CARE CENTER, INC.

201211121035

1a. *FOREIGN ENTITIES ONLY.* If applicable, the fictitious name the entity agreed to use in New York State is:

2. NEW YORK LAW FORMED OR AUTHORIZED UNDER (CHECK ONE):

[x] Business Corporation Law     [ ] Limited Liability Company Law

[ ] Education Law     [ ] Not-for-Profit Corporation Law

[ ] Insurance Law     [ ] Revised Limited Partnership Act

[ ] Other (specify law):

3. ASSUMED NAME

ROYAL PALACE ADULT DAY CARE

4. PRINCIPAL PLACE OF BUSINESS IN NEW YORK STATE (MUST BE NUMBER AND STREET. IF NONE, INSERT OUT-OF-STATE ADDRESS)

5416-5424 Avenue N
Brooklyn, New York 11234

5. COUNTIES IN WHICH BUSINESS WILL BE CONDUCTED UNDER ASSUMED NAME

[ ] ALL COUNTIES (if not, circle county(ies) below)

| | | | | | | |
|---|---|---|---|---|---|---|
| Albany | Clinton | Genesee | Monroe | Orleans | Saratoga | Tompkins |
| Allegany | Columbia | Greene | Montgomery | Oswego | Schenectady | Ulster |
| Bronx | Cortland | Hamilton | Nassau | Otsego | Schoharie | Warren |
| Broome | Delaware | Herkimer | New York | Putnam | Schuyler | Washington |
| Cattaraugus | Dutchess | Jefferson | Niagara | Queens | Seneca | Wayne |
| Cayuga | Erie | Kings | Oneida | Rensselaer | Steuben | Westchester |
| Chautauqua | Essex | Lewis | Onondaga | Richmond | Suffolk | Wyoming |
| Chemung | Franklin | Livingston | Ontario | Rockland | Sullivan | Yates |
| Chenango | Fulton | Madison | Orange | St. Lawrence | Tioga | |

6. INSERT THE ADDRESS OF EACH LOCATION WHERE BUSINESS WILL BE CARRIED ON OR TRANSACTED UNDER THE ASSUMED NAME. Use a continuous sheet, if needed. (The address must be set forth in terms of a number and street, city, state and zip code. Please note that the address(es) reflected in paragraph 6 must be within the county(ies) circled in paragraph 5. If the entity does not have a specific location where it will conduct business under the assumed name please check the statement below.)

5416-5424 Avenue N
Brooklyn, New York 11234

[ ] No New York State Business Location

DOS-1338-f-l (Rev. 06/12)



Наш центр предоставляет услуги
по всем районам Нью-Йорка!



# ROYAL PALACE

ADULT DAY CARE
718-513-1818

5416-5424 Avenue N
Brooklyn, NY 11234
Tel: (718) 513-1818
Fax: (718) 513-3738

# Exhibit B





